**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| AMERICAN HALLMARK INSURANCE COMPANY OF TEXAS, a foreign corporation,<br><br>   Plaintiff-counter-defendant-Appellee,<br><br> v.<br><br>OREGON INTERIORS, INC., an Oregon corporation; et al.,<br><br>   Defendants-counter-claimants-Appellants. | No. 19-35025<br><br>D.C. No. 3:17-cv-00344-SB<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Oregon
Stacie F. Beckerman, Magistrate Judge, Presiding

Submitted March 3, 2020[**]
Portland, Oregon

---

  [*]  This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

  [**]  The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Before:  WOLLMAN,[***] FERNANDEZ, and PAEZ, Circuit Judges.

Oregon Interiors, Inc. appeals from the district court's order on cross-motions for summary judgment granting American Hallmark Insurance Co.'s motion and denying Oregon Interiors'.  Oregon Interiors argues that the district court erred when it applied two exclusions ("Exclusion 2.a" and "Exclusion 2.r") in the Extended Liability part of the umbrella insurance policy to a claim arising from an automobile accident involving an Oregon Interiors employee.[1]  The district court held that American Hallmark had no duty to defend the underlying lawsuit against Oregon Interiors.  We reverse and remand.

Exclusion 2.a in the umbrella insurance policy denies coverage for any injury that is "the subject of" the primary insurance policy.  It was not unreasonable for Oregon Interiors to think that "the subject of" the primary insurance policy, meaning the basis of it or the matter for which it was created, is

---

[***]     The Honorable Roger L. Wollman, United States Circuit Judge for the U.S. Court of Appeals for the Eighth Circuit, sitting by designation.

[1]Insurance contracts are interpreted by "determin[ing] the intention of the parties based on the terms and conditions of the insurance policy." *Hoffman Const. Co. of Alaska v. Fred S. James & Co. of Or.*, 836 P.2d 703, 706 (Or. 1992).  Under Oregon law, we are to look only to the text of the policy itself and the underlying complaint; we do not consider any other extrinsic evidence. *See Marleau v. Truck Ins. Exch.*, 37 P.3d 148, 152 (Or. 2001); *Andres v. Am. Standard Ins. Co. of Wis.*, 134 P.3d 1061, 1063 (Or. Ct. App. 2006).

to set forth the injuries that it covers, which would limit Exclusion 2.a to only those injuries the primary policy actually covers.[2] *Cf. Groshong v. Mut. of Enumclaw Ins. Co.*, 985 P.2d 1284, 1289 (Or. 1999). Nor is Oregon Interiors' interpretation unreasonable in the context of the policy. Because this interpretation is plausible, we are obligated to construe Exclusion 2.a in favor of the insured, and conclude that it does not exclude American Hallmark from its duty to defend the underlying lawsuit. *See Dewsnup v. Farmers Ins. Co. of Or.,* 239 P.3d 493, 497 (Or. 2010).

Exclusion 2.r also does not excuse American Hallmark's duty to defend. This exclusion restricts coverage for injuries that are excluded under the primary insurance policy. The district court concluded that because the named driver exclusion denies coverage for the underlying lawsuit under the primary policy, Exclusion 2.r applied here. But the named driver exclusion in the primary policy does not exclude injuries; it excludes claims for actions of the specific employee

---

[2] *See Subject*, Webster's Third New International Dictionary (unabridged ed. 1986); *Subject*, Black's Law Dictionary (11th ed. 2019). Both parties agree that the primary policy does not provide coverage because of a named driver exclusion, which eliminates coverage for claims caused by the employee who caused the accident in the underlying lawsuit.

involved here.[3]  Based on the text of the policy, we cannot say that Oregon Interiors' interpretation of excluded "injuries" in Exclusion 2.r as not applying to the excluded "claims" in the named driver exclusion is unreasonable.

In short, American Hallmark has a duty to defend the underlying action against Oregon Interiors.  The district court therefore erred when it granted American Hallmark's motion for summary judgment and denied Oregon Interiors' motion for summary judgment.

**REVERSED and REMANDED**.

---

[3]The named driver exclusion in the primary policy limits coverage by excluding a specific individual from being an insured, not by excluding types of injuries.